NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WINNY SUTANTO; DHANI RACHMAT SANTOSO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-73114 <br><br> Agency Nos.    A088-272-288 <br>                   A088-272-289 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Winny Sutanto and Dhani Rachmat Santoso, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying Sutanto's

application for asylum, withholding of removal, and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

Sutanto alleges she suffered past persecution and has a well-founded fear of future persecution on account of her Chinese ethnicity and Buddhist religion. Substantial evidence supports the agency's finding that Sutanto failed to establish past persecution because, even considered cumulatively, her experiences in Indonesia do not rise to the level of persecution.  *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and one beating did not compel finding of past persecution).  Further, substantial evidence supports the agency's determination that, even under a disfavored group analysis, Sutanto failed to establish sufficient individualized risk of harm to demonstrate a well-founded fear of persecution.  *See Halim*, 590 F.3d at 977-79; *see also Loho v. Mukasey*, 531 F.3d 1016, 1017-18 (9th Cir. 2008) (regarding "voluntary return trips to country of feared persecution"). Therefore, her asylum claim fails.

Because Sutanto has not established eligibility for asylum, she necessarily cannot meet the more stringent standard for withholding of removal.  *See Zehatye*, 453 F.3d at 1190.

11-73114

Sutanto's contention that the agency failed to apply disfavored group analysis to her claims is not supported by the record.

Finally, substantial evidence supports the agency's denial of CAT relief because Sutanto failed to establish that it is more likely than not that she will be tortured if she returns to Indonesia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**